UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE STRINGHAM,

           Plaintiff,

-vs-                                    Case No. 6:13-cv-1590-Orl-28KRS

RAMCO USA DEVELOPMENT
CORPORATION,

           Defendant.
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 14) filed by Defendant, Ramco USA Development Corporation, and Plaintiff's Response (Doc. 16). As set forth below, the motion is granted, but Plaintiff will be granted an opportunity to file an amended complaint.

### I. Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

U.S. at 570).[1]

As noted by Plaintiff in his response memorandum, while Defendant's motion is ostensibly brought under only Federal Rule of Civil Procedure 12(b)(6), it also "makes seveal arguments that relate to Plaintiff's standing to bring" this case (See Doc. 16 at 2). The matter of standing bears on this Court's subject matter jurisdiction, and in that regard the motion arises under Rule 12(b)(1) than Rule 12(b)(6), though the analysis is somewhat intertwined in this case. In order to have standing under Article III of the U.S. Constitution, Plaintiff must establish: "(1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001)).

## II. Discussion

Plaintiff brings this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. Plaintiff alleges in the Complaint that he is an individual with disabilities under the ADA and that Defendant operates a place of public accommodation within the

---

[1] In his opposition memorandum, Plaintiff cites a standard that no longer applies. Plaintiff asserts that a complaint should not be dismissed on a Rule 12(b)(6) motion "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Doc. 16 at 3 (quoting Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp., 495 F.3d 779, 782 (7th Cir. 2007))). However, this "no set of facts" language, which originated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), was expressly disapproved by the Supreme Court in Twombly. See 550 U.S. at 562-63 (abrogating Conley and noting that "[w]e could go on, but there is no need to pile up further citations to show that Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). The Court has analyzed Defendant's motion under the Twombly and Iqbal standard rather than the disapproved Conley language.

meaning of the ADA. Plaintiff alleges that he has visited Defendant's property and "has encountered barriers at the subject property." (Compl., Doc. 1, ¶ 8). Plaintiff alternatively pleads that he is a "tester" for the purpose of ensuring compliance with the ADA. (Id. ¶ 9).

Defendant argues that the Complaint does not provide sufficient factual detail to state a claim or establish standing because Plaintiff does not make any allegations about what he personally encountered when he visited Defendant's property. Instead, he lists barriers that allegedly exist at the property, but he does not indicate what barriers he actually encountered. Additionally, Defendant notes that Plaintiff does not provide factual support for his allegation that removal of barriers would be "readily achievable." Defendants' arguments are well taken. See, e.g., Hoewischer v. Park Shopping, Ltd., No. 3:10-cv-810-J-37JBT, 2011 WL 4837259 (M.D. Fla. Oct. 12, 2011) (granting leave to amend ADA complaint where similar deficiencies were noted); Campbell v. Grady's, Bar, Inc., No. 0:10-CV-60648-LSC, 2010 WL 2754328 (S.D. Fla. July 12, 2010) (same). The Complaint will be dismissed without prejudice, and Plaintiff will be granted leave to amend.[2]

Defendant also contends that Plaintiff has not sufficiently alleged standing to pursue injunctive relief because he has not alleged a real threat of future injury rather than mere speculation. "'A plaintiff lacks standing to seek injunctive relief unless he alleges facts giving

---

[2] The Court has not overlooked the Eleventh Circuit's recent decision in Houston, which Plaintiff cited in his opposition memorandum. That case discusses "tester standing," which is relevant here because tester status is pleaded in the alternative, but Houston does not support the proposition that Plaintiff's Complaint is sufficient just because he, in part, alleges "tester" status. See 733 F.3d at 1340 ("Each plaintiff must establish standing on the facts of the case before the court. That is equally as true about a regular customer of a public accommodation as it is for a tester like Plaintiff Houston.").

rise to an inference that he will suffer *future* discrimination by the defendant.'" Houston, 733 F.3d at 1334-35 (quoting Shotz, 256 F.3d at 1081). Plaintiff does allege that he plans to return to the property, (Compl. ¶ 8), and the property is located in a city near the city in which he lives. Plaintiff does not indicate in the Complaint when he intends to return, though he does provide more specificity on this point in his Responses to Court Interrogatories, (Doc. 9). Plaintiff shall include more concrete allegations regarding his intention to return in the amended complaint.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 14) is **GRANTED**, and Plaintiff's request for leave to amend is also **GRANTED**. The Complaint (Doc. 1) is **DISMISSED without prejudice** and will leave to amend.

2. Plaintiff may file an amended complaint **on or before Friday, January 17, 2014**.

3. In all future filings, Plaintiff shall be mindful of the formatting requirements of Local Rule 1.05(a).[3]

**DONE** and **ORDERED** in Orlando, Florida this 31 day of December, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[3] Plaintiff's opposition memorandum does not appear to comply with Rule 1.05(a).